Filed 5/29/13  P. v. Salinas CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON SALINAS,<br><br>        Defendant and Appellant. | A136939<br><br>(Napa County<br>Super. Ct. No. CR161358) |

## I. INTRODUCTION

**A**ppellant pled no contest to one count of sale of a controlled substance, but then failed to keep an appointment with a probation officer and, later, also failed to appear in court for his scheduled sentencing hearing.  He was sentenced to a three-year midterm for that conviction plus two one-year terms for prison priors.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), he appeals and asks this court to determine if there are any "post-plea sentencing" issues deserving of further briefing.  We find none and hence affirm both the judgment and the sentence imposed

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2012, the Napa Special Investigation Bureau (NSIB) arranged for an informant to make a "buy" of methamphetamine from appellant.  The informant was outfitted with a recorder and transmitting device and provided with $60 in NSIB money.  As previously arranged, the informant met appellant at a designated intersection in Napa.  The NSIB agents watched their meeting and observed appellant hand the informant an

1

item, which turned out to be 1.5 grams of methamphetamine. The meeting of the two men was recorded by devices supplied to the informant by the NSIB.

On June 28, 2012,[1] the Napa County grand jury returned a first amended indictment charging appellant with one count of sale of a controlled substance under Health and Safety Code section 11379, subdivision (a), and also alleging that appellant had served two prison priors pursuant to Penal Code section 667.5.

The following day, June 29, appellant, who was represented by counsel and had received and executed a written waiver of his rights, entered a no contest plea to the charge and also admitted the prior prison term convictions. Under the plea agreement, appellant could receive a maximum term of four years, the upper term on the one count charged, plus one year each for the two prison priors, for a total of six years. However, at that hearing, it was also explicitly agreed that if appellant failed to make or keep an appointment with a probation officer or failed to appear at his sentencing hearing or reoffended, the plea would become an "open plea" and he could receive a more severe sentence. Appellant was then released on his own recognizance.

Appellant was originally scheduled to meet with a probation officer on July 17, but then rescheduled that appointment to July 20. He failed to appear for it, however. He also failed to appear at the scheduled sentencing hearing on August 13.

When a sentencing hearing did take place, with appellant present, on September 26, the court denied him probation and sentenced him to a five-year term composed of a three-year midterm for the one count charged and two one-year terms for the two prison priors. He was sentenced, under Penal Code section 1170, subdivision (h), to serve three of those years in the Napa County jail, with the other two years being suspended but to be served under mandatory supervision.

On October 24, appellant filed a timely notice of appeal.

---

[1] All further dates noted are in 2012.

### III. DISCUSSION

In the view of the facts set forth above, we find no issues regarding the sentence imposed on appellant which are deserving of further briefing under the holding of *Wende*.

### IV. DISPOSITION

The judgment, including the sentence imposed, is affirmed.

_____
Haerle, Acting P.J.

We concur:

_____
Lambden, J.

_____
Richman, J.